**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**FRANK A. WHITEHEAD**                                                             **PLAINTIFF**

**V.**                                                          **NO. 4:19-CV-178-DMB-JMV**

**SONNY PERDUE, Secretary,**
**U.S. Department of Agriculture**                                      **DEFENDANT**

## ORDER

Sonny Perdue moves to dismiss Frank Whitehead's pro se complaint for insufficient service of process. Doc. #7. Because the Court will allow Whitehead a final opportunity to complete service of process and show proof of such in accordance with the Federal Rules, the motion to dismiss will be denied.

**I**
## Procedural History

On December 12, 2019, Frank A. Whitehead filed a complaint in the United States District Court for the Northern District of Mississippi against Sonny Perdue, Secretary of the United States Department of Agriculture. Doc. #1. Whitehead alleges that Perdue violated Title VII of the Civil Rights Act of 1964 by failing to hire him in January 2015. *Id.* at 3.

On April 6, 2020, United States Magistrate Judge Jane M. Virden issued an order instructing Whitehead to, within thirty days, "either complete service of process or show cause in writing why this case should not be dismissed." Doc. #5. The April 6 Order quoted the text of Federal Rule of Civil Procedure 4(i) on how to serve the United States, and its agencies and employees, and warned that "failure to comply with this order may lead to dismissal of this case." *Id.* at 1, 2. On April 8, 2020, Whitehead acknowledged receipt of the April 6 Order, noting that he "completed the required notifications." Doc. #6. However, Whitehead did not file a proof of

service.  On June 16, 2020, Perdue filed a motion to dismiss Whitehead's complaint for insufficient service.  Doc. #7.  The motion to dismiss is fully briefed.  Docs. #8, #10, #11.

## II
## Analysis

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."  *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349–50 (E.D. La. 2011).  "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."  Fed. R. Civ. P. 4(l)(1).  "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity."  *Henderson v. Republic of Tex.*, 672 F. App'x 383, 384 (5th Cir. 2016) (quoting *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).  However, even if service of process is untimely or insufficient, a district court maintains discretion to extend the time to perfect service.  *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008); Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*.") (emphasis added).  Additionally, where, as here, future litigation would likely be barred as untimely,[1] dismissal will only be warranted if there is "a clear record of delay or contumacious conduct by the plaintiff … and a [finding that] a lesser sanction would not better serve the best interests of justice."  *Millan*, 546 F.3d at 326.

---

[1] There is no dispute that any subsequent action would be filed later more than ninety days after Whitehead received his notice of right to sue.

When a plaintiff sues an officer or employee of the United States, in addition to serving the individual, the plaintiff must also serve the United States. Fed. R. Civ. P. 4(i)(2)–(3). To serve the United States, a plaintiff must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought … or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Perdue argues the complaint should be dismissed because "service of process has not been effected pursuant to" Rule 4(i). Doc. #8 at 3. Whitehead does not contend that he properly served Perdue. But he asks the Court to consider his pro se status and his belief that Perdue has not "suffered any harm from lack of proper action" by him. Doc. #10 at 1. He also represents that he will "upon notification of [the Court's] decision to not dismiss the case, take prompt action to correct the proper notification of the required entities." *Id*. Perdue replies that Whitehead cannot rely on his pro se status and that dismissal is warranted because Whitehead has not satisfied his burden of "proving that the government was properly served." Doc. #11 at 2–3.

To be sure, "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). Additionally, through Judge Virden's April 6 order, Whitehead was provided the opportunity to properly effect service by a specified deadline. He did not do so by that deadline and has not shown good cause for not doing so. Nevertheless, given that dismissal

3

would effectively be with prejudice, and that Whitehead has made *some* attempt at service and represented to the Court that he intends to effect proper service, the Court, in the exercise of its discretion, will extend the deadline for Whitehead to serve the defendant. The Court, therefore, will deny the motion to dismiss.

### III
### Conclusion

For the reasons above, the motion to dismiss [7] is **DENIED**. No later than November 12, 2020, Whitehead must complete service of process and show proof of such in accordance with the Federal Rules. If Whitehead fails to do so, his complaint will be dismissed without further notice.

**SO ORDERED**, this 22nd day of October, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

4