IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FRANK A. WHITEHEAD**                                                             **PLAINTIFF**

V.                                                                     **NO. 4:19-CV-178-DMB-JMV**

**SONNY PERDUE, Secretary,**
**U.S. Department of Agriculture**                                        **DEFENDANT**

**ORDER**

On December 12, 2019, Frank A. Whitehead filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Sonny Perdue, Secretary of the United States Department of Agriculture. Doc. #1. Whitehead alleges that Perdue violated Title VII of the Civil Rights Act of 1964 by failing to hire him in January 2015. *Id.* at 3.

After Perdue filed a motion to dismiss for improper service,[1] the Court, finding Whitehead had not properly served Perdue, ordered that "[n]o later than November 12, 2020, Whitehead must complete service of process and show proof of such in accordance with the Federal Rules. If Whitehead fails to do so, his complaint will be dismissed without further notice."[2] Doc. #15 at 4. On November 3, 2020,[3] Whitehead filed an acknowledgement of his receipt of the Court's order, and included a receipt from the United States Postal Service. Doc. #16. The receipt shows that on October 28, 2020, someone paid to send by first class certified mail two letters—one to Oxford,

---

[1] Doc. #7.

[2] The order specifically advised Whitehead of what was required to effect proper service. Doc. #15 at 3. As the order indicates, Whitehead also had been advised on April 6, 2020, how to serve the United States, and its agencies and employees, and warned that his failure to complete service of process may lead to the dismissal of this case. *Id.* at 1.

[3] The acknowledgment itself is dated October 29, 2020. Doc. #16.

MS, and one to Washington, DC—and includes tracking information for each letter.[4] *Id.* at PageID 46.

On November 17, 2020,[5] Whitehead filed a letter certifying that he "mailed the enclosed copies" of the summons and complaint to "William C. Lamar U.S. Attorney's Office" in Oxford, MS, and "Attorney General of the U.S." in Washington, D.C., enclosing signed delivery receipts. Doc. #18 at PageID 61. The next day, Perdue filed a supplemental motion to dismiss. Doc. #19.[6] Perdue argues that the case should be dismissed because in the "almost eleven (11) months since this case was filed," Whitehead "has not properly served the United States Attorney despite repeated opportunities given by the Court."[7] Doc. #20 at 3–4.

Federal Rule of Civil Procedure 4(c)(2) provides that service may be completed by "[a]ny person who is at least 18 years old and not a party." "Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010). "Although one could question the wisdom of this requirement, … the rule contains no mailing exception to the nonparty requirement for service." *Id.* at 1213–14. Because Whitehead, the plaintiff in this case, certified that he mailed the copies

---

[4] The payment receipt further shows an October 31 estimated delivery date for the Oxford letter, and a November 2 estimated delivery date for the DC letter. Doc. #16 at PageID 46. The receipt does not show who mailed the letters, to whom the letters were mailed, or what the letters concerned.

[5] The letter is dated November 9, 2020. Doc. #18.

[6] On November 17, 2020, Perdue initially filed just a supplemental memorandum in support of his original motion to dismiss. Doc. #17. However, because the filing did not comply with the Local Rules, the Clerk instructed him to refile the document. Perdue refiled the supplemental memorandum, Doc. #20, in support of his supplemental motion to dismiss.

[7] Perdue acknowledges that Whitehead sent by certified mail a copy of the summons issued to him to the United States Attorney for the Northern District of Mississippi but submits there is no "proof of summons being issued to the United States Attorney or the United States Attorney General" and "no proof that a Summons and Complaint was mailed to the civil process clerk at the United States Attorney's Office for the Northern District of Mississippi" as required by Rule 4(i)(1)(A)(ii). Doc. #17 at 2–3. "The Advisory Committee Notes to [Rule 4(i)(1)(A)(i)-(ii)] clarify that, to assure proper handling of mail in the United States attorney's office, the authorized mail service must be specifically addressed to the civil process clerk of the office of the United States attorney." *Marine Wholesale & Warehouse Co. v. United States*, 315 F. Supp. 3d 498, 519 (D.D.C. 2018).

of the summons and complaint to the United States Attorney and Attorney General, such service is improper. *See Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (dismissal was proper where the plaintiff "presented no evidence that someone other than himself served the defendants" by certified mail). Furthermore, under Rule 4(i), Whitehead was required to serve three separate individuals: Perdue, the United States Attorney for the Northern District of Mississippi, and the Attorney General of the United States. But the record does not reflect any attempt to serve Perdue. Because Whitehead has failed to show proof of service in accordance with the Federal Rules and this Court's October 22 Order, this case is **DISMISSED without prejudice**.

    **SO ORDERED**, this 19th day of November, 2020.

    /s/Debra M. Brown
    **UNITED STATES DISTRICT JUDGE**