IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FRANK A. WHITEHEAD**                                                                                 **PLAINTIFF**

V.                                                                                                               **NO. 4:19-CV-178-DMB-JMV**

**SONNY PERDUE, Secretary,**
**U.S. Department of Agriculture**                                                       **DEFENDANT**

**ORDER**

Frank A. Whitehead seeks reconsideration of this Court's order dismissing his case without prejudice for failure to properly serve Sonny Perdue in accordance with the Federal Rules of Civil Procedure. Because Whitehead has not shown an error of law or fact or presented new evidence that would entitle him to relief, the motion will be denied.

**I**
**Procedural History**

On December 12, 2019, Frank A. Whitehead filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Sonny Perdue, Secretary of the United States Department of Agriculture. Doc. #1. Whitehead alleged that Perdue violated Title VII of the Civil Rights Act of 1964 by failing to hire him in January 2015. *Id.* at 3.

After Perdue filed a motion to dismiss for improper service,[1] the Court, finding Whitehead had not properly served Perdue, ordered that "[n]o later than November 12, 2020, Whitehead must complete service of process and show proof of such in accordance with the Federal Rules. If Whitehead fails to do so, his complaint will be dismissed without further notice."[2] Doc. #15 at 4.

---

[1] Doc. #7.

[2] The order specifically advised Whitehead of what was required to effect proper service. Doc. #15 at 3. As the order indicates, Whitehead had been advised on April 6, 2020, how to serve the United States, and its agencies and employees, and warned that his failure to complete service of process may lead to the dismissal of this case. *Id.* at 1.

On November 17, 2020,[3] Whitehead filed a letter certifying that he "mailed the enclosed copies" of the summons and complaint to "William C. Lamar U.S. Attorney's Office" in Oxford, MS, and "Attorney General of the U.S." in Washington, D.C., enclosing signed delivery receipts. Doc. #18 at PageID 61. The next day, Perdue filed a supplemental motion to dismiss. Doc. #19. Finding that service was improper because Whitehead personally mailed the summons and complaint to the United States Attorney and Attorney General, and that Whitehead did not provide proof of service on Perdue, the Court dismissed the case without prejudice on November 19, 2020. Doc. #21 at 2–3.

Approximately three weeks later, Whitehead filed a motion for reconsideration of the November 19 order. Doc. #23. The motion is fully briefed. Docs. #24, #25.[4]

## II
## Standard of Review

When a party seeks relief from a judgment or order, he may do so under Federal Rule of Civil Procedure 59(e) within twenty-eight days of entry of the order or judgment; or anytime under Rule 60(b). "The rule under which the motion is considered is based on when the motion was filed. If the motion was filed within twenty-eight days after the entry of [a] judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (internal citation omitted). Because Whitehead filed his motion within twenty-eight days of the judgment, his motion is properly considered under Rule 59.

To prevail on a Rule 59 motion for reconsideration, a movant "must clearly establish either

---

[3] The letter is dated November 9, 2020. Doc. #18.

[4] Whitehead's reply, Doc. #25, is untimely. *See* L.U. Civ. R. 7(b)(4) ("Counsel for movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief."). However, in the interest of efficiency, the Court considers the arguments contained in the reply.

a manifest error of law or fact or must present newly discovered evidence." *T.B. ex rel Bell v. Nw. Indep. Sch. Dist.,* 980 F.3d 1047, 1051 (5th Cir. 2020). Such motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.*

### III
### Analysis

In his motion, Whitehead asks that the Court reconsider whether "now is the proper time to provide for a justifiable exception" regarding the rule requiring service by mail to be made by a nonparty, and argues that he was entitled to rely on a letter he received from "the Senior Council in the General Council for the USDA" which "stated that [he] had already completed service on the Secretary of Agriculture and the United States Department of Agriculture." Doc. #23. However, Whitehead advances no argument that the Court's decision regarding the mailing rule is a manifest error of law or fact.[5] And, because the letter he presented as evidence in support of his motion is dated March 25, 2020, Doc. #23-1, it is not new evidence that was unavailable before the Court dismissed the case. Accordingly, Whitehead has failed to clearly establish either a manifest error of law or fact or present newly discovered evidence as required to show he is entitled to reconsideration.

### IV
### Conclusion

Whitehead's motion for reconsideration [23] is **DENIED**.

**SO ORDERED**, this 1st day of February, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] Whitehead's only factual argument, which was advanced only in his reply, is that "the postman, who was over 21 years old and not a party to the case delivered the Copy of the summons and Complaint to the United States Attorney for the Northern District of Mississippi." Doc. #25. But Whitehead did not file a proof of service showing that an unnamed postal worker served the required parties. Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). Even if Whitehead had completed service on the United States Attorney, dismissal would still be proper because he never served the Attorney General as required by Rule 4.